# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U S D C - Atlanta

JUN 3 0 2006

LUTHER D. THOMAS, Clerk
By: _____
　　　 Deputy Clerk

_Matthew Washington_
Plaintiff

vs

_Lowes Home Improvement_
Defendant

1 06-MI-0204

## TITLE VII COMPLAINT

1. Plaintiff resides at _845 Sunset Ridge Lane Lawrenceville, GA 30045_

2. Defendant(s) names (s) _Lowes Home Improvement Inc._

Location of principal office(s) of the named defendant(s) _Lilburn, GA_

Nature of defendant(s) business _retail Home Improvement_

Approximate number of individuals employed by defendant(s) _Unknown_

*Note  This is a form complaint provided by the Court for pro se litigants who wish to file an employment discrimination lawsuit  It is not intended to be used for other kinds of cases.

3.   This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination  Jurisdiction is specifically conferred on the court by 42 U.S.C § 2000e-5  Equitable and other relief are also brought under 42 U S.C. §e-5(g).

4.   The acts complained of this suit concern:

A. _____ Failure to employ me.
B. ✓ Termination of my employment.
C. ✓ Failure to promote me.
D. ✓ Other (Specify) *abuse of Power, overriding my management decisions, Denial of most all request (time off, vacation, and schedule change, unjust Work orders, Unwarranted Write ups.*

5.   Plaintiff:

A. _____ presently employed by the defendant
B. ✓ not presently employed by the defendant.  The dates of plaintiff's employment were _____.
The reasons plaintiff was given for termination of employment is/are:
(1) ✓ plaintiff was discharged.
(2) _____ plaintiff was laid off.
(3) _____ plaintiff left the job voluntarily.

6.   Defendant(s) conduct is discriminatory with respect to the following:

A. _____ my race
B. _____ my religion
C. _____ my sex.
D. _____ my national origin.
E. ✓ Other (specify) *Personal dislike and Pending workers compensation order.*
_____
_____

-2-

7    The name(s), race, sex and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is/are:

Operations manager (al McGraw) race - White

_____

_____

_____

_____

8.    Describe the discriminatory actions or events you are complaining of in this lawsuit. Give factual detail, including names and dates concerning what happened. You do not need to refer to any statutes or cite law.

(A) abuse of Power was used when: I was accepted into the Mangement training program and al McGraw (who already had personal issues with me was assigned as my training coach. (1) he made it impossible for me to pass by giving me inadequate staff in my department, giving me an overload of work orders (in which he had me up the next day for not completing); these things did not allow me time to watch live tele castings, finish modulers or work; on projects. After all of this Al recommended I not be promoted. (2) Al did absolutely nothing to assist me with my training, but made certain the next class after me got assistance as well as staff to cover them.

(B). Al McGraw defamed my character to other managers (see: character references included). Saying "had he known I was previously injured, he wouldn't have hired me also telling other store managers this (when they called for a reference) to keep me from transferring to another Store, in order to keep peace between the two of us. I reported A)

to my chain of command (Even to Regional mgn) and was only to ask to try to get away from the store (transfer) But when other Stores showed interest he suggested they not hire me to work at their store. (C). I was denied most all requested time off 1 e., church on Sundays, wedding anniversary, sick time (when I was hurting) and when my mother fell ill in Savannah GA. for unknown or unexplained reasons.

9    The alleged illegal activity took place at  Lowes Home Improvement in hilburn, GA.

10.    A.    ____✓____    I have filed a charge with the Equal Employment Opportunity Commission regarding defendant(s). (I have attached a copy of my charge(s) filed with the Equal Employment Opportunity Commission, which are incorporated into this complaint.

    B.    _____    I have not filed a charge.

11.    A    ____✓____    I received a Notice of Right-to-Sue letter from the Equal Employment Opportunity Commission on __Mar 31 2006__ (date)  (I have attached a copy of the Notice of Right-to-Sue which is incorporated into this complaint.)

    B    _____    I have not received a Notice of Right-to-Sue letter from the Equal Employment Opportunity Commission

12.    State what relief you are seeking from the Court  If you are seeking a monetary award (back pay or damages), state the amount you are seeking  If you are seeking injunctive relief (an order by the Court) issued against the defendant(s) summarize what should be in the order.

-4-

I'm seeking a monetary value of $30 million for the simple fact that my marriage was tramaticly affected, my state of mind, depression from loss of employment (not only this last time, but once before), Health issues and defamed character. I was out of work for several mon___, due to this company's wrongfully firing me twice and I want to be compensated for the pain and loss I was a positive influence to the store; I worked for the goal of making Lowes the best place to shop and work.

28 June 06
**Date**

_Matthew Washington_
**Signature of Plaintiff**

Address: 845 Sunset Ridge Lane
Lawrenceville, GA
                    30045

Telephone. 770 5135980

-5-

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To | Matthew Washington<br>845 Sunset Ridge Lane<br>Lawrenceville, GA 30045 | From | Atlanta District Office - 410<br>100 Alabama Street, S W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR § 1601 7(a)) |
|---|---|

| EEOC Charge No | EEOC Representative | Telephone No |
|---|---|---|
| 110-2005-04167 | Lucille Greene,<br>Investigator | (404) 562-6861 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC |
| [ ] | Your allegations did not involve a disability as defined by the Americans with Disabilities Act |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes |
| [ ] | Your charge was not timely filed with EEOC, in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [ ] | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge |
| [ ] | While reasonable efforts were made to locate you, we were not able to do so |
| [ ] | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged |
| [x] | The EEOC issues the following determination Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes This does not certify that the respondent is in compliance with the statutes No finding is made as to any other issues that might be construed as having been raised by this charge |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge |
| [ ] | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form )

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you   You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court   Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**, or your right to sue based on this charge will be lost  (The time limit for filing suit based on a state claim may be different )

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Bernice Williams-Kimbrough,
Director

MAR 3 1 2006

Enclosure(s)

(Date Mailed)

cc   LOWE'S COMPANIES, INC.
100 Lowe's Boulevard
Mooresville, NC 28117

Enclosure with EEOC
Form 161 (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below )*

**PRIVATE SUIT RIGHTS --**    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice  Therefore, you should **keep a record of this date**  Once this 90-day
period is over, your right to sue based on the charge referred to in this Notice will be lost  If you intend to consult an
attorney, you should do so promptly  Give your attorney a copy of this Notice, and its envelope, and tell him or her the
date you received it  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent
that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is
signed) or the date of the postmark, if later

Your lawsuit may be filed in U S  District Court or a State court of competent jurisdiction   (Usually, the appropriate
State court is the general civil trial court )  Whether you file in Federal or State court is a matter for you to decide after
talking to your attorney  Filing this Notice is not enough  You must file a "complaint" that contains a short statement
of the facts of your case which shows that you are entitled to relief  Your suit may include any matter alleged in the
charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge
Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be
brought where relevant employment records are kept, where the employment would have been, or where the
respondent has its main office  If you have simple questions, you usually can get answers from the office of the clerk
of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy
decisions for you

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment  back
pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible   For
example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before
<u>7/1/02</u> – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000  This time limit for filing an EPA suit is
separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above  Therefore, if you also
plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90
days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period

## ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U S  District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer  Requests for such assistance must be
made to the U S  District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney)  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U S  District Court can hear your case  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice)  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case  Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice**  (Before filing suit, any request should be
made within the next 90 days )

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**Human Resources Management Guide - 315 (continued)**

**Section: PERSONNEL PRACTICES**
**Subject: PERFORMANCE MANAGEMENT - COMMENDATION AND CORRECTIVE ACTION**

## V. Definitions

**Commendable Performance -** Managers are encouraged to seek out and recognize employees who are making significant time and cost saving suggestions, completing a special task or project in an exceptional manner or taking action to eliminate a potential loss of assets. In these cases managers provide a written record of the exceptional performance on an Employee Performance Report. See Exhibit 1, 315 Forms

**Employee Performance Report -** Form used to document employee performance including both commendations and violations. Item # 90776 (POD)

**Standards of Conduct/Job Performance -** This policy identifies three categories of unacceptable performance or conduct. Examples of violations in the respective categories are listed later in this policy, however, the examples show the relative severity of violations and are not intended to and do not identify all possible violations.

**Class "A"** includes the most serious misconduct and repeated job performance problems. These serious violations normally will result in immediate discharge.

**Class "B"** includes serious acts, which indicate a disregard of, established rules and/or standards of conduct but are not so serious as to compel immediate termination. Class "B" violations will normally result in a written warning for a first offense, final warning for a second offense and termination for a subsequent offense. Depending upon the severity of the infraction or past work history, termination may be appropriate for the first offense. An employee may commit multiple Class "B" violations that are not serious when considered separately, but when grouped together indicate a pattern of unacceptable behavior. In such cases, management should consider multiple Class "B" violations committed in a short period of time as grounds for more serious corrective action, up to and including termination.

**Class "C"** generally results in an initial warning. However, an employee may commit multiple Class "C" violations that, when considered together, are grounds for more serious corrective action up to and including termination.

The following categorization is suggested for some of the more frequent types of violations. If, because of other circumstances, the manager feels that the suggested category and accompanying discipline are not appropriate, the manager should normally discuss it with his/her immediate supervisor and the appropriate person in Human Resources before discipline is administered to an employee

## VI. Class A, B and C - Examples
### A. Class "A" Violations
The following violations are examples of actions, which will normally subject an employee to immediate termination on the first occurrence. This list is not intended to identify all possible violations

1  Dishonesty of any type
2  Unauthorized disclosure of Company information
3  Possession of explosives, firearms, knives or other dangerous weapons on Company property
4  Verbal or physical abuse or other abusive behavior toward employees, customers or other persons on Company property
5  **(REV)** Use, sale, distribution or possession of illegal drugs or alcohol while on Company business or premises during work hours, including lunch or breaks.

**Human Resources Management Guide - 315 (continued)**

**Section: PERSONNEL PRACTICES**
**Subject: PERFORMANCE MANAGEMENT - COMMENDATION AND CORRECTIVE ACTION**

6  **(REV)** Reporting to work in an unfit condition due to use of illegal drugs or alcohol
7  Destruction or damage of Company property or the property of employees, visitors or any other person on Company premises, parking lots or grounds or in Company vehicles
8  Unauthorized use of Company property
9  Unauthorized possession of Company property
10  Falsification of Company records
11. Insubordination
12  Violations of Lowe's Code of Ethics, which requires (among other terminable offenses) compliance with all local, state and federal laws (These requirements are described in Lowe's Orientation Guide and the Code of Ethics pamphlet, #90806)
13. "No call/No show" for three consecutive scheduled shifts (see HR Guide Policy #302, Attendance)
14  Working "off the clock" or directing another employee to work "off the clock "
15  Refusal to take a drug or alcohol test as directed or other violations of Company drug or alcohol policies.  Refer to HR Guide #411, Drug and Alcohol Use
16  Refusal to cooperate fully in investigation of loss, injury or policy violation.
17  Removing or attempting to remove from Company property, without proper authorization, any Company property or record, or property or record of any customer, visitor, employee or any other person at the Company's facility
18  Misrepresentation on an application for employment, physical examination (CDL truck drivers only) or other Company report including but not limited to omission of prior employers or past medical history, or the falsification of any documents submitted to the Company during the employment process regardless of when the misrepresentation of falsification actually occurred.
19  Violation of the Company's equal employment opportunity policy (HR Guide Policy #101) or No Harassment policy (HR Guide Policy #103)
20  Smoking in unauthorized areas of a Distribution Facility
21. A Class B or Class C violation within 12 months of receiving Final Warning   Normally offenses occurring outside the previous twelve months will not be considered for this purpose
22  Secret recording (tape, video or otherwise) of an employee or customer unless part of an investigation authorized by Loss Prevention
23  Violations of safety rules or hazardous materials procedures
24  Communicating any type of threat toward an employee, customer, or a threat involving Lowe's property or facilities

### B. Class "B" Violations

The following violations are examples of actions, which normally will subject an employee to a written warning for a first offense, a final warning for a second offense and termination for a subsequent offense.  Depending on the severity of the violation, a final warning may be given rather than a written warning  **(While termination is normally not appropriate for a first offense, it is possible, particularly if the employee's length of service is short or their overall work record is considered less than acceptable.)**
Normally, offenses occurring outside the immediately preceding 12-month period will not be counted for this purpose

1  Violation of employee purchase procedure
2  Uncooperative behavior
3.  Reporting to work in an unfit condition (See HR Guide Policy #412 - Fitness for Duty)
4.  Cash variances (more than three, including cash overages or shortages).  Variances are defined as $5 00 or greater per close-out
5  Personal checks written to Lowe's returned for insufficient funds

**Human Resources Management Guide - 315 (continued)**

**Section: PERSONNEL PRACTICES**
**Subject: PERFORMANCE MANAGEMENT - COMMENDATION AND CORRECTIVE ACTION**

   6  Violation of the No Solicitation/Distribution Policy (#402 of the HR Guide).
  ✱7.  Unproductive behavior, inefficiency and/or negligence in the performance of assigned duties.
   8  Working in an unsafe manner.
   9  Failure to follow the Corrective Action Policy
  10  A second Class "C" offense within a 12-month period.
  11  Failure to report an accident or unsafe condition

### C. Class "C" Violations

The following violations are examples of actions which normally will subject an employee to a initial or written warning for a first offense, written warning for a second offense, and a final warning or termination for a third offense   **(As noted previously, however, the sequence of discipline is not fixed and factors such as length of service and overall work history may be considered.)**

1. Failure to perform work satisfactorily.
2. Failure to complete work on a timely basis.
3. Violation of the Attendance Policy (HR Guide Policy #302 - Attendance)
4. **(REV)** Violation of dress code (HR Guide Policy #311 - Personal Appearance; P&P #MS-04 Store Uniforms)
5. Failure to follow parking and traffic rules
6. Creating or contributing to unsanitary conditions or failure to maintain proper housekeeping.
7. *Consuming food, drink or using tobacco products, including smoking, at unauthorized times or in unauthorized areas* Smoking in an unauthorized area at a Distribution Center is a class A violation.
8. Failure to notify and receive permission from supervisor before leaving assigned work area during working time with the exception of prearranged breaks and lunch periods.
9. **(REV)** Use of personal cell phones while on company time (except during approved lunch or dinner period)

## VII.Commendation and Corrective Action Procedures

**A.** The following procedures are established to assist Location Managers in taking the appropriate commendation and corrective action.

1. For Commendations, document the performance in a memo or on the Employee Performance Report form (see Exhibit 1) and present to the employee in a manner appropriate to the situation.
2. **(REV)** Retain any Commendations, comment cards or letters from customers in the Employee Personnel file.
3. For Corrective Action, categorize the violation as a Class A, B, or C.
4. Review the employee personnel file for previous corrective action including class type and dates, note on the Employee Performance Report
5. **(REV)** Document the violation on the Employee Performance Report, see Exhibit 1  The form must be completed to include specific facts (dates, times, actions, etc ) about the misconduct or performance  It must also include a description of what is expected of the employee in the future and any previous performance reports within the last 12 months. All supporting documentation must be present in Employee's file.  The termination Employee Performance Report should document any previous warnings, counseling sessions and the reason for the termination
6. **(REV)** Before the counseling session, Location Manager (Operations Manager in Store Manager's absence) and HR Manager must review and sign or initial, as applicable, all Employee Performance Reports

Mr Matthew Washington
845 Sunset Ridge Lane
Lawrenceville, Georgia   30045

      Re   EEOC Charge No  110-2005-04167
      Washington vs  Lowe's Home Improvement

Dear Mr  Washington

      ... serve as our predetermination concerning the merits of the above-referenced charge
of discrimination  The predetermination relies on the following information

1   You filed a charge on October 11, 2005, alleging you were discriminated against because of your
race, (Black), disability and retaliation, by being constantly harassed (i e , receiving an unwarranted
write-up on April 6, 2005, overriding your management decisions and being denied a promotion to
Zone Manager in June 2005), by Al McGraw, Operations Manager in violation of Title VII of the
Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act (ADA) of 1990, as
amended

The Respondent submits

2   On April 6, 2005, you received an initial warning for poor job performance, from Sidney Smith
(Black), Zone Manager and Jared Martin (White), Store Manager, which addressed numerous
deficiencies in your department, inadequate stocking of merchandise, missing prices on products and
the over all cleanliness of the department

•  Prior to being issued the above referenced warning you also received the following during your
employment

•  ... received on or about May 19, 2003, a final notice for violating company safety policy which
was issued at Store #1119  David Harlan (White), Manager and Charles Benjamin (Black), Zone
Manager

b  On January 13, 2004, you were issued an initial warning for poor job performance for failing to
complete price audits and cycle counts, by Mr  Harlan and Mr  Benjamin

c   On October 4, 2004, you were issued a disciplinary action by Mr  Harlan for poor job
performance based on the condition of your department, for failure to ensure the department was
adequately stocked, the shelves were not clean, organized and the department was not prepared for
inventory

. . . . . . . . . Mr. Howard Johnson Zone Manager asked you to come to the front of the . . . . . . . . . store. You refused. You informed Mr. Johnson you would come to the . . . . . . . . . you finish breaking down the boxes. Mr. McGraw requested that you stop . . . . . . . . . boxes and go to the front to help out on the registers. You refused. You also refused to go to the training room to talk with Mr. McGraw.

5  Your employment was terminated on September 1, 2005 based on your prior disciplinary history and your insubordinate behavior toward Mr. McGraw, and Mr. Johnson, on August 21, 2005

6  You submitted an application for the Zone Manager's position on or about June 29, 2005 . . . . . . . . . did not meet the qualifications for the position because you had a Class B violation . . . . . . . . .

7  You called the Alertline on August 24, 2005 and complained that you were concerned about how Mr. McGraw conducted himself in the work place. You did not complain based on your race or any other protected category

The evidence on record thus far does not show you were discriminated against because of your race or retaliation. The evidence also does not show you were treated differently than someone outside of protected class that violated the same or similar company policies. It is undisputed that you have an on the job injury but no evidence to show that you were regarded as having an impairment which substantially limits a major life activity under the ADA

Therefore, you have ten (10) days from the date of this letter to submit in writing any additional evidence you have to rebut the Respondent's position. Any additional evidence you submit will be analyzed with the information in the case file and you will receive a final determination in the mail However, if you do not respond to this letter within ten (10) days from the date of this letter, I will recommend a Dismissal and Notice of Right be issued concerning his matter

If you have any questions regarding this matter, I can be contacted at (404) 562-6861, between the hours of 8 00 a m  and 4 30 p m , Monday through Friday  except for Federal holidays  If I am not available when you call, please leave a message and I will return your call as soon as possible

Sincerely,

Lucille R  Greene
Investigator

**To: Lucille R. Greene, Investigator**
**From: Matthew Washington**

RE  EEOC Charge No  110-2005-04167
Washington vs  Lowe's Home Improvement

In response to your letter the following are my issues,

1  (a ) The charges on October 11, 2005 alleging discrimination against race originally I did not say  I cannot prove a claim without proper information  The racial issues with Al McGraw. and the way he responds to people of different nationalities other than whites  I want to say there are complaints reported to corporate office in regards to AL McGraw attitude with other employees and customers

b ) I have a workers compensation claim and Al McGraw stated if he knew that I was injured  They should not accept me at this store  So that injury has me at a disability because, I cannot stand or work without being in pain

c ) Overriding my management decisions as if I had a problem with my schedule, I had to change it, and I had permission from Jared Martin (Store Manager)  Al McGraw would change it anyway

d ) Being denied the promotion to Zone Manager in June 2005  Al made a work list on April 5, 2005 and I received a write up on April 6, 2005 because of that work list

2  April 6, 2005 Lack of staff, due to hours cut and injured employees and no closers, and it was not suppose to be a write up

3  (a ) May 19, 2003 (Final Notice for Safety) unnecessary write up, I was instructing my employee on what to down stock as well as spotting  Refer to Lowes Safety and Power Equipment video

b ) Jan  13, 2004 Lack of staff

c ) In regards Oct  4, 2004 to this write-up  I was not aware so it should have been in my folder of this document

4  August 21, 2003 I did not refuse to help  I explained to Howard Johnson and Al McGraw that as soon as I finished dealing with this safety issue I would be up front to help

5  My termination of Sept  1, 2005 on the prior write ups I have addressed and fixed those issues  Insubordination behavior issue I never told them that I refuse to help on the registers  I always help in my area of the store, but at that time I had to deal with a safety issue first  The issue of me going in the training room to talk, I was going too until he started yelling, that I threaten him and I did not want to go anywhere with him by myself  So I called Jared Martin (Store Manager) and explained to him what had happened, he told me to stay away from Al McGraw, and since we cannot get along that he was going to transfer me

6 In regards to the Zone Manager position on or about June 29, 2005 I was never told the reason why I was not selected to interview for the position until they gave the position to Howard Johnson I was told because for a write up that I received in April I applied for positions at other stores and had an interview at the Sandy Spring store during that time  Applied to (Sandy Spring) twice for two positions, (Conyers), and (Atlanta- Egdewood)  I was checked as meet the minimum qualifications for the position applied for them and it was vertified by my HR Manager Also, if I remember correctly Howard Johnson receive a write up because he had a complaint that went to the corporate office on how he treated an customer of a different race So, he should not have been promoted because it was a big complaint at that store and Al McGraw, Jarred Martin, and Sidnei Smith had to address it


7  I called the Alert line on August 24, 2005 in search of some direction for help  I made complaints long before that incident

damages involving employees, customers, equipment or merchandise, it makes producing pr    that much harder

It is estimated that 85% of injuries are caused by unsafe acts. This means that for us be successful, we must change the way we think about and perform our jobs, to alwa safest way.

Safety procedures are usually common sense, but common sense sometimes caus wet paint. Procedures are in place to help provide a safe and healthy work plac customers and fellow employees. Disregarding safety rules is serious business. W broken, a Lowe's employee or customer might be put in danger. For that reason willful violations could be grounds for immediate termination. If you do not kno requirements of your job — ask!

All unsafe conditions or hazards should be corrected immediately. Report all unsafe hazards to your supervisor immediately, even if you believe you have corrected it you suspect a concealed danger is present on Company premises or in a product, w equipment, process or business practice for which the Company is res  attention of your supervisor immediately. Supervisors will arrange for the correcti condition or concealed danger immediately and the Supervisor will immediately co Manager regarding the problem

## Safety Rules
Here are some of the common safety rules to be followed at Lowe's
- Always wear your company issued back support. Wear it in a closed position remember to "cinch" it prior to lifting
- An order picker and lift truck cage requires you to wear a safety belt or har protection tether. Make sure you're "attached" before using the equipment
- All equipment (pickers, saws, trucks) must be turned off and the keys are unattended. You must be licensed to operate any power equipment
- Lowe's has an extensive training program. You must be trained and certified t power equipment or truck
- If equipment is broken or damaged, report it to your manager. Damaged equip repaired before operating
- Always know where the nearest fire extinguisher and emergency exit are located
- If you bump or dent a rack part, report it immediately. We have a quick fix prog correct these damages
- Many jobs require personal protective equipment (gloves goggles, shoes, etc) your job requirements, ask your manager and then wear the equipment
- All guards, covers, and other safety devices must be in place when op wearing jewelry that could interfere with safe operation of equipment
- Keep all areas of the store, especially your assigned work area free from clut situations, spills and other recognized hazards
- Special care must be taken to prevent items from falling, tipping, or the selling floor while stocking shelves and placing material. Safety cones, aisle blockers and spotters must be used when pulling down merchandise. There are no exceptions!
- When working "inside" or "on" shelving units over four feet from the ground, you safety belt or harness and tether attached to the lift or shelving unit

42

"Giving In"

"Giving in" or "Going      ng" with the conduct does not nec     iarily mean the conduct was    
A person may voluntarily acquiesce to unwelcome conduct in order to avoid  
consequences

## B.    What are other forms of illegal harassment?

Verbal, written, or physical conduct in the workplace involving intimidation, ridicule or ins  
that is:

- Unwelcome
- Directed at an employee because of his or her race, color, religion, gender, national orig  
  disability, veteran status, or some legally protected characteristic; and
- **Severe or pervasive enough to unreasonably interfere with the employee's job**
  **and make the employee uncomfortable**

### Such harassment can come from anyone:
- A coworker
- A supervisor
- A vendor
- A customer

### Examples of conduct that might constitute such harassment:
- Off-color jokes, teasing or demeaning comments
- Epithets, slurs, name calling, or obscene gestures
- Physical attack and threats of physical attack
- Demeaning objects or writings (including e-mail and fax)

## C.    Help prevent harassment—Know Lowe's Policy on harassment--------See Appe  
for policy

Set a positive example  Treat others with respect and communicate that you expect the  
them. **Be aware of your own words and actions as well as what goes on around you.**

Don't assume that "practical jokes" and "friendly physical gestures" are harmless or inoffens  
many instances, they make others uncomfortable

Stop and think before making personal comments or asking questions of a personal natur  
yourself if they could make the other person feel uncomfortable

Don't look the other way or accept behavior that may be offensive. Tell others how you i  
ask for a stop to offensive behavior

**If you are being harassed—Confront the Harasser: Clearly state that the beha  
offensive and that it should stop.**

If the harassment doesn't stop, refer to the Open Door Policy or if at any time y  
uncomfortable approaching management directly, call the Fairness Programs office at  
5494, Internal Audit (collect) at 336/658-4374 or the AlertLine at 800-784-9592.

GEORGIA DEPARTMENT OF LABOR
APPEALS TRᴵNAL - SUITE 201, 1630 PHᴼᴵX BLVD.
COLLEGE PARK, GEORGIA  30349-55Uь

DECISION OF ADMINISTRATIVE HEARING OFFICER - DOCKET  31436A 2005 -
SSN  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

FSO    3300                          APPEAL FILED  09/27/2005
APPELLANT -   CLAIMANT              APPEAL HEARD  10/18/2005
                                    RELEASE DATE  10/18/2005


EMPLOYER:                          MAIL TO:

LOWES HOME CENTERS INC             MATTHEW WASHINGTON
TALX/UC EXPRESS                    845 SUNSET RIDGE LANE
PO BOX 283                         LAWRENCEVILLE GA 30045
ST LOUIS MO 63166


                                   CLAIMANT:

                                   MATTHEW WASHINGTON
                                   845 SUNSET RIDGE LANE
                                   LAWRENCEVILLE GA 30045



APPEARANCES:  The hearing was conducted by telephone conference from
the Statesboro Career Center.  Appearance by employer representative,
David Patterson.  Appearance by employer witness, Jared Martin.
Appearance by the claimant.

O.C.G.A. PROVISIONS AND ISSUES INVOLVED:

OCGA Section 34-8-194(2)(A) - Whether the claimant's discharge or
suspension was not a result of the claimant's failure to follow
rules, orders, instructions, or for a failure to perform the duties
for which hired and would be entitled to benefits; or the claimant
was discharged or suspended for failure to follow rules, orders,
instructions, or failure to perform the duties for which hired and
would not be entitled to benefits.  TO RE-QUALIFY:  The individual
must return to work and earn insured wages equal to ten (10) times
the weekly benefit amount of the claim and the individual becomes
unemployed through no fault on the part of the individual.

OCGA Section 34-8-157(b) - Whether the employer supplied separation
information in a timely manner to the notice of the claim filing.
The most recent employer is charged for any benefits properly paid
and may be charged, even if the determination is later reversed on
appeal, if the employer did not submit timely separation information.

FINDINGS OF FACT:  The claimant worked as a paint department manager
at the employer's building supply store from November 24, 2004, until
September 1, 2005.  The employer had in place a written policy where-
by employees who engaged in acts of insubordination against her su-
pervisors were subject to disciplinary action up to and including

termination, depending on the nature and gravity of the infraction. The claimant was made aware of this policy in writing.

The claimant was given an instruction by his supervisor.  The claimant could not immediately comply with the supervisor's instruction without incurring a violation of the employer's safety rules and the claimant made the supervisor aware of such.  The claimant had no prior warnings for insubordination.  The claimant subsequently was fired for the above referenced incident, which the employer deemed as a serious act of insubordination.

Timely separation information was received.

REASONS FOR DECISION:  OCGA Section 34-8-194(2)(A) provides for a disqualification if it is shown that an employee has been discharged from work with his most recent employer for failure to obey orders, rules, or instructions, or for failure to discharge the duties for which employed.  That Section of the Law places the burden of proof on the employer to show by a preponderance of the evidence that the employee was at fault by a deliberate, willing, and knowing action on his part.

Section 300-2-9-.01(1) of the Rules of the Georgia Department of Labor, allows for the consideration of such factors as inconsistency of prior enforcement, unlawfulness, and unreasonableness of the rule in question and the claimant is entitled to present evidence relative to these considerations.

Available factsshow the claimant did not wilfully violate the rules or fail to perform the duties of his work in a manner to justify his termination without warning.  The claimant's termination was unfair under the circumstances.  The employer has failed to carry the burden in separation.  Benefits are allowed.

OCGA Section 34-8-157(b) provides that benefits paid shall be charged against the account of the most recent employer.  The amount charged shall be the lesser of benefits paid for the period of unemployment or, the amount of wages paid by such employer during the period beginning with the base period of the claim or the maximum benefit amount of the claim.

DECISION:  The determination released by the Department September 23, 2005, disqualifying the claimant effective September 4, 2005, is hereby set aside.  The claimant shall be entitled to unemployment insurance benefits effective September 4, 2005, under the provisions of OCGA Section 34-8-194(2).  The claimant will be entitled to benefits for all weeks that claimant has met all the reporting and eligibility requirements as provided for under the provisions of OCGA 34-8-195(a)(3).

The employer's tax account shall be charged the lesser of benefits paid for the period of unemployment or, the amount of wages paid

MATTHEW WASHINGTON                          DOCKET: 31436A 2005
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                                 P  · 3


during the period beginning with the base period of the claim or the
maximum benefit amount of the claim, in accordance with OCGA Section
34-8-157(b).


        Decision Released:   OCTOBER 18, 2005.


                         *Michael Hugh Jenkins*


                    MICHAEL G. JENKINS
                    Administrative Hearing Officer



        Appeal Rights Expire:  NOVEMBER 02, 2005

If you desire to appeal this decision, notify the office indicated
below in writing.  Appeal rights expire 15 days after decision is
issued.  An appeal filed by mail shall be considered filed on the date
of the postmark cancellation shown on the envelope, or the actual date
of receipt by the department in the absence of a legible postmark.  A
postage meter date will not be used to determine the date filed.  An
appeal filed by fax may be submitted to the fax number shown below and
would be considered filed on the date received.

js

GEORGIA DEPARTMENT OF LABOR
BOARD OF REVIEW
SUSSEX PLACE - SUITE 801
148 ANDREW YOUNG INTERNATIONAL BOULEVARD, N.E.
ATLANTA, GEORGIA   30303

FAX:   404-232-3339

This is to certify that this decision was mailed on the above
RELEASE DATE BY _TR/MH_. THE POSTMARK DATE IS THE RELEASE DATE.

                                        DOL-473A (2/95)

This is a statement of fact regarding
Matt Washington's employment at Lowe's
Home Improvement. Matt had tried on
several occasions to laterally transfer or
transfer based on a promotion to other
Lowe's stores. I believe Matt was
intentionally denied transfers because of
a dislike from the Operations Manager, Al
McGraw. On one occasion when Matt
applied for a transfer to the Lowe's Conyers
location, the Conyers store Manager called
the Gwinnett Store where Matt was employed
to inquire about his performance. The Store
Manager spoke to the Operations Manager,
Al McGraw. Al told the Store Manager,
"you don't want him, I wouldn't do that
to my worst enemy." That statement was
told directly to me by Mr McGraw. I
was also directed my Al McGraw to tell
Matt that all requests for vacations and
weekend's off need to be during his own
scheduled weekends or they will continue
to be denied. Matt was a hardworking
employee.

Tammy Thaxton
Tammy Thaxton

# MATT WASHINGTON

- MR. WASHINGTON HAS MADE SEVERAL ATTEMPTS TO TRANSFER FROM THE WMC'S OF GWINNETT ON SEVERAL TIMES. MR. WASHINGTON ALSO HAS VERBALLY COMMUNICATED EFFORTS TO ASSISTANT STORE MANAGERS, HUMAN RESOURCE MANAGER, REGIONAL HUMAN RE-SOURCE MANAGER AND CORPORATE IMAGE MENT.

- MR. WASHINGTON HAS TRIED EVERY NE-CESSARY EFFORT TO COMMUNICATE AND TAKE THE NECESSARY STEPS TO TRANSFER WITH-OUT INCIDENT IN A PROFESSIONAL AND PROPER MANNER AND PROFESSIONAL MANNER, IN REGARDS TO COMPLAINTS AGAINST AL MCGRAW.

- MR WASHINGTON WAS TOLD ON SEVERAL OCCASIONS TO TRANSFER, IN HIS ATTEMPT HE WAS DENIED. MR. WASHINGTON WAS DENIED STORE TRANSFERS, VACATION RE-QUEST, TIME OFF REQUEST AND PERSONAL TIME, REQUEST, MONTHS IN ADVANCE AL MCGRAW SO APPROVED OR DENIED ALL STORE REQUEST WITH THE EXCEPTION'S (HIGHER) OF WORKER MANAGEMENT

- I RECALL A SITUATION IN WHICH AL MCGRAW RECEIVED NOTICE THAT MATT WASHINGTON HAD ASKED TO BE LIMITED OUT OF WORK DUE TO A WORK RELATED INJURY FROM THE PREVIOUS STORE HE

HAD WORKED. MATT LEARNED NEW SKILLS BECAUSE OF HIS WORK RELATED INJURY AND HIS FEET WAS BOTHERSOME.

MATT WAS CALLED SEVERAL TIMES BY MEMBERS OF MANAGEMENT, INCLUDING THE STORE MANAGER. THE SITUATION WAS HEATED, NOTHING NUT SOME LOWE'S ASSOCIATE CALLED OUT FOR HIS COLLEAGUES THRU THIS SITUATION. I OVERHEARD DIRECT AND INDIRECT CONVERSATIONS ABOUT ME. LOOSE THINGS ON THE SALES FLOOR AND IN THE OFFICE SETTINGS, COMMENTS BY AL MCGRAW - 1. WHY DID WE THINK BUY WITH BAD FEET 2. HE WOULD COST THE STORE MORE MONEY 3. WE DO NOT NEED THIS AT OUR STORE 4. SEND HIS "ASS" TO ANOTHER STORE 5. SEND HIM BACK TO THE STORE HE COME FROM 6. WHY DIDN'T THEY TEAM UP (OTHER STORE) HE WORKS ON WORKMEN'S COMP. AND THE PROBLEMS HE HAS 7. DID WE STEAL HIM OUT AT AL. DID WE REQUEST INFORMATION 8. WHO MADE THIS DECISION TO BRING HIM TO THIS STORE

AL MCGRAW GOT ALONG WITH MANY THINGS HE WOULD SAY AND DO TO OTHER LOWE'S ASSOCIATE AND LOWE'S CUSTOMERS. REQUEST AN COMPLAINTS FROM ASSOCIATES AND CUSTOMERS,

MR. WASHINGTON DID A VERY EXCEPTIONAL
JOB FOR MYSELF. A TEAM PLAYER,
ALWAYS READY TO ASSIST A CUSTOMER
THROUGHOUT THE STORE'S STORE ANYWHERE,
ANYTIME.

MR. WASHINGTON LIVES THE COMPANY'S
ASSOCIATES BELIEVES A ANNUAL RE-
VIEW. UPON PREVIOUS THIS REVIEW
THE ASSOCIATE MUST MEET OR EX-
CEED THE ANNUAL RATING. THIS WOULD
BE OPPORTUNITY TO RATE THIS ASSOCIATE
PERFORMANCE. IF THE ASSOCIATE RATE
3, 4 OR 5 THIS ASSOCIATE MEETS OR
EXCEED HIS/HER PERFORMANCE RE-
VIEW RESULTS IN A GIVEN WELL
SLATE. ANYTHING IN HIS/HER FILE
WILL BECOME NON-AVOID, DISCIPLINARY
ACTIONS ALSO. ASK ABOUT THAT FROM
THE COMPANY OR HUMAN RESOURCE
MANAGER.

PLEASE DO NOT JUST SCRATCH THE
TOP SURFACE, DIG DEEP THE QUESTIONS
CONCERNING A PATTERN OF EMPLOYEES
DEPARTURE IN THIS STORE ALONE.